**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ADRIAN BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2532** |
| **WARDEN E. DUSTIN BICKHAM** | **SECTION "L"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. ***See* 28 U.S.C. § 2254(e)(2)**.[1]

### I.      Factual and Procedural Background

Petitioner Adrian Broussard ("Broussard") is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On September 14, 2009, Broussard was charged in Terrebonne Parish by Bill of Information with attempted first-degree murder of a police officer.[3] Broussard initially entered a plea of not guilty.[4]

Because there was no trial or appeal, the record is sparse on the facts underlying Broussard's charge and arrest. According to state court pleadings and transcripts,[5] on July 29, 2009, Deputy Donald Bourg responded to a call in a post office where Broussard was rolling a

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.
[2] ECF No. 1.
[3] ECF No. 7 at 3, Bill of Information, 9/14/09. The state court records are electronically filed at ECF No. 7.
[4] *Id*. at 519, Minute Entry, 9/15/09.
[5] *Id*. at 3, Bill of Information, 9/14/09; *id*. at 185-186, Sentencing Transcript, 3/3/10; *id*. at 83, Sanity Report, 2/23/10.

joint of marijuana. During the altercation, Broussard shot Deputy Bourg three times, resulting in a bullet being lodged in the deputy's spine and leaving him with a permanent limp.

On April 27, 2010, Broussard entered a plea of guilty to attempted first degree murder of a police officer.[6] On May 3, 2010, after a sentencing hearing, the state trial court sentenced Broussard to 45 years in prison at hard labor without the benefit of probation, parole, or suspension of sentence.[7] Broussard's conviction and sentence became final 30 days later, on June 2, 2010, because he did not seek reconsideration of the sentence or move for leave to appeal. La. Code Crim. P. art. 914;[8] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Over two years later, on May 31, 2012, Broussard filed an Application for Writ of Mandamus with the Louisiana First Circuit Court of Appeal requesting a writ a mandamus for the state trial court's failure to rule on his application for post-conviction relief.[9] In his application for a writ of mandamus, Broussard attached his application for post-conviction relief signed March 5, 2012.[10] On July 16, 2012, the Louisiana First Circuit granted Broussard's writ for the sole purpose of transferring his application for post-conviction relief to the state trial court for consideration.[11] In his application for post-conviction relief, Broussard alleged the following claims: (1) the state trial court erred in accepting a constitutionally infirm guilty plea; (2) ineffective assistance of

---

[6] *Id*. at 104, Boykin Form, 4/27/10; *id*. at 524, Minute Entry, 4/27/10.

[7] *Id*. at 100; Sentencing Minute Entry, 5/3/10.

[8] Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[9] ECF No. 7 at 109-110, 1st Cir. Application for Writ of Mandamus, 2012-KW-0969, filed 5/31/12.

[10] *Id*. at 116, Application for Post-Conviction Relief, signed 3/5/12.

[11] *Id*. at 108, 1st Cir. Writ Order, 2012-KW-9069, 7/16/12.

counsel for failing to preserve his right to seek review of the lack of evidence against him, to properly investigate his case, and misinforming him of the terms of the plea agreement; (3) errors patent review; and (4) excessive sentence.[12] Broussard also requested the state trial court grant him an out of time appeal for counsel's failure to notify him of the right to appeal.[13]

On September 12, 2012, the State filed a response to Broussard's application for post-conviction relief.[14] On September 18, 2012, the state trial court set a hearing on October 24, 2012, and appointed counsel for Broussard to show cause why his application for post-conviction relief should not be dismissed as untimely.[15] On October 24, 2012, after a hearing, the state trial court rejected Broussard's application for post-conviction relief as untimely filed.[16] It does not appear that Broussard sought review with either the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.

On March 14, 2013, Broussard filed a second application for post-conviction relief.[17] In his second application, Broussard asserted the following claims: (1) he was denied due process when he involuntarily pled guilty under duress, coercion, and intimidation; (2) ineffective assistance of counsel for counsel's failure to adequately investigate his case, failing to object when it was discovered that he had mental conditions preventing him from understanding right from wrong before tending his guilty plea; and (3) the cumulative effect of constitutional errors effectuated denial of his equal protection and due process rights.[18]

---

[12] ECF No. 7 at 119, Memorandum in Support of Application for Post-Conviction Relief, dated 3/5/12.
[13] *Id.*
[14] *Id.* at 311-14, State's Response to Application for Post-Conviction Relief, 9/12/12.
[15] *Id.* at 316, Trial Court Order, 9/18/12.
[16] *Id.* at 525, Minute Entry, 10/24/12.
[17] *Id.* at 335-40, Second Application for Post-Conviction Relief, 3/14/13.
[18] *Id.* at 342-56, Brief in Support of Second Application for Post-Conviction Relief, 3/14/13.

After the State filed procedural objections, the state trial court dismissed Broussard's second application as untimely on June 5, 2013.[19] On October 8, 2013, the Louisiana First Circuit denied Broussard's related writ application finding it untimely under La. Code Crim. Proc. art. 930.8.[20] The Louisiana Supreme Court denied his related writ application on May 30, 2014, also citing La. Code Crim. Proc. art. 930.8.[21]

Ten years later, on July 10, 2023, Broussard, through counsel, filed a Motion to Re-Open Timely Filed Application for Post-Conviction Relief.[22] In the motion, counsel for Broussard argued that his original application for post-conviction relief was timely filed. In support of this argument, counsel for Broussard included Broussard's offender withdrawal request for his application for post-conviction relief that was stamped as processed by the business office on March 6, 2012.[23]

After the State filed a response addressing Broussard's original application for post-conviction relief on the merits, on September 27, 2023, the state trial court granted Broussard's motion to reopen his timely filed application for post-conviction relief and denied his post-conviction claims.[24] On January 18, 2024, the Louisiana First Circuit Court of Appeal denied Broussard's related writ application without stated reasons.[25] On September 24, 2024, the Louisiana Supreme Court denied Broussard's writ application finding that he failed to meet his

---

[19] *Id*. at 382, Trial Court Order, 6/5/13.
[20] *State v. Broussard*, No. 2013-KW-1091, 2013 WL 12120845, at *1 (La. App. 1st Cir. Oct. 8, 2013); ECF No. 7 at 386, 1st Cir. Order, 2013-KW-1091, 10/8/13.
[21] *State ex rel. Broussard v. State*, 140 So.3d 1169 (La. 2014); ECF No. 7 at 387, La. S. Ct. Order, 2013-KH-2527, 5/30/14.
[22] ECF No. 7 at 401-03, Motion to Re-Open Application for Post-Conviction Relief, 7/10/23.
[23] *Id*. at 419, Offender Funds Withdrawal Request, 3/6/12.
[24] *Id*. at 427, Trial Court Order, 9/27/23.
[25] *State v. Broussard*, No. 2023-KW-1083, 2024 WL 196347, at *1 (La. App. 1st Cir. Jan. 18, 2024); ECF No. 7 at 434, 1st. Cir. Order, 2023-KW-1083, 1/18/24.

burden of proof under *Strickland v. Washington*, 466 U.S. 668 (1984), and La. Code Crim. P. art. 930.2.[26] It does not appear that Broussard sought further review with the United States Supreme Court.

## II.     Federal Petition

On December 20, 2025, Broussard, through counsel, filed his federal petition for habeas corpus relief in which he asserts the following claims:[27] (1) ineffective assistance of counsel for trial counsel's failure to object to or preserve his right to seek appellate review of his sentence, counsel's failure to adequately investigate his case, and that counsel misled him as to the length of his sentence; (2) the state trial court handed down an excessive sentence; and (3) the state trial court accepted a guilty plea that had not been knowingly, freely, and voluntarily waived.

The State filed a response in opposition to Broussard's petition arguing that while his claims may be exhausted, his federal petition was not timely filed.[28]  Broussard did not file a reply to the State's opposition although he was given an opportunity to do so but does assert that his federal petition was timely filed in his petition.[29]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[30] applies to Broussard's petition, which was filed through counsel in this

---

[26] *State v. Broussard*, 392 So.3d 885 (La. 2024); ECF No. 7 at 435-36, La. S. Ct. Order, 2024-KP-0206, 9/24/24.

[27] ECF No. 1-2 at 7-15.

[28] ECF No. 6.

[29] ECF No. 1-2 at 6-7.

[30] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

Court on December 20, 2025. The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The record supports the State's argument that Broussard did exhaust state court review of his claims prior to filing his federal habeas petition. Nevertheless, the State also asserts, and the record shows, that Broussard's federal petition was not timely filed under the AEDPA. The limitation defense is dispositive of the case. Thus, for the following reasons, Broussard's petition should be dismissed as time-barred.

## IV.   **Statute of Limitations**

The AEDPA codified in 28 U.S.C. § 2244(d)(1) provides certain triggering events for the statute of limitations, including § 2244(d)(1)(A) which requires a petitioner to bring his § 2254 claim within one year of the date the state court conviction became final.[31] *Duncan v. Walker*, 533

---

[31]The statute of limitations provision of the AEDPA at § 2244(d) also provides other trigger dates which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

U.S. 167, 176-80 (2001).  As calculated above, Broussard's conviction and sentence became final on June 2, 2010, when he did not appeal or challenge his sentence.  Under the literal terms of the AEDPA, Broussard had one year from that date, or until Thursday, June 2, 2011, to file a timely federal application for habeas corpus relief which he did not do. Broussard filed this federal petition on December 20, 2025, more than 14 years *after* the AEDPA filing deadline expired. Broussard's federal petition must be dismissed as untimely, unless the one-year grace period was interrupted or otherwise tolled in either of the two ways recognized in the applicable law in a sufficient manner to render his petition timely.

A.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule[32] to state court pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

---

[32] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review").

Broussard, through counsel, argues that his federal petition is timely filed as his application for post-conviction relief filed on March 5, 2012, was eventually deemed timely filed on September 27, 2023.[33] Broussard states that after his application for post-conviction relief was denied on September 27, 2023, applications for review were timely sought with both the Louisiana

---

time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

[33] ECF No. 1-2 at 6.

First Circuit Court of Appeal and the Louisiana Supreme Court, ultimately denying him relief on September 24, 2024.[34] Broussard asserts that the 90 days to seek review of the denial with the United States Supreme Court was December 22, 2024. Given that Broussard filed his federal habeas petition on December 20, 2025, less than one year from December 22, 2024, counsel for Broussard states that his federal petition is timely filed.

Broussard's assertion that his federal habeas petition was timely filed is incorrect. In Broussard's case, the AEDPA filing period began to run on June 3, 2010, the day after his conviction became final. The period ran without interruption for one year, until June 2, 2011, when it expired. Under the prison mailbox rule, Broussard did not file a state application for post-conviction review until nine months later, when he provided facility officials with a state application for post-conviction relief signed on March 5, 2012. None of Broussard's state court applications filed after expiration of the AEDPA one-year filing period provided him any tolling benefit and did not restart the AEDPA limitations clock. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015) (same); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Thus, at no time after finality of his conviction did Broussard have a properly filed application for post-conviction or other collateral review pending in any state court to provide him statutory tolling.

---

[34] *Id*. at 7.

Therefore, Broussard's federal petition, filed on December 20, 2025, was filed more than 14 years and 6 months after the AEDPA one-year filing period expired on June 2, 2011. Broussard's untimely federal petition should be dismissed with prejudice.

**B.    Equitable Tolling**

The post-AEDPA jurisprudence also provides for equitable tolling of the AEDPA limitations period where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). However, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715

(finding that tolling is not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).  A habeas petitioner bears the burden of proof to establish entitlement to equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Broussard has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling provided for in the foregoing precedent. Therefore, Broussard is not entitled to equitable tolling, and his petition should be dismissed as untimely filed.

C.    **No Other Excuse or Exception Provided**

Broussard has also failed to demonstrate any other excuse or exception to avoid the expiration of the one-year limitations period applicable in this case.  For example, Broussard has not alleged, asserted, nor provided a credible showing of his actual, or factual, innocence based on newly discovered evidence in any manner sufficient to excuse this untimely filed federal habeas petition.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324).  No such claim or high-level of proof has been offered to this Court, nor has any such claim been established or exhausted in the state courts.

In addition, the fact that Broussard's claims may involve alleged ineffective assistance of counsel does not provide an exception to his untimely federal filing under the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S.

413 (2013).  In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17).  The dismissal recommended in this Report is not based on a *state court imposed* bar to review of Broussard's claims.  Instead, the recommendation here arises from Broussard's failure to meet the *federal* limitations deadline under the AEDPA.  The decisions in *Martinez* and *Trevino*, and their progeny, do *not* address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report).  The decisions in *Martinez* and *Trevino* also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA.  *See In re Paredes*, 587 F. App'x at 813; *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Thus, neither *Martinez* nor *Trevino* excuse the untimely filing of Broussard's federal petition.

Broussard's federal petition deemed filed on December 20, 2025, was not timely filed within the AEDPA one-year filing period which expired on June 2, 2011.  There is no statutory tolling, equitable tolling, or other exception applicable to or that would excuse Broussard's untimely filing.  His petition was not timely filed and must be dismissed for that reason.

## V.   <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Adrian Broussard's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[35]

New Orleans, Louisiana, this <u>18th</u> day of June, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[35]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.